UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHNATHAN NIXON,          )
                                      )
        Petitioner,          )
                                      )
     vs.                   )       Case No. 4:07CV998 JCH
                                      )
MICHAEL BOWERSOX,       )
                                      )
        Respondent.     )

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri State prisoner Johnathan Nixon's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.[1]

On May 29, 2003, a jury in the 24th Judicial Circuit Court of Washington County, Missouri, convicted Petitioner as a prior offender of one count of assault in the first degree, two counts of kidnapping, one count of robbery in the first-degree, one count of burglary in the first degree, and two counts of armed criminal action. Petitioner was sentenced to consecutive terms of imprisonment totaling 155 years.

On September 28, 2004, the Missouri Court of Appeals affirmed Petitioner's convictions on all counts. *State v. Nixon*, 151 S.W.3d 66 (Mo. App. 2004). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied without an evidentiary hearing. The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion on June 6, 2006. *Nixon v. State,* 193 S.W.3d 414 (Mo. App. 2006).

---

[1] On September 21, 2007, Petitioner requested and was granted until October 9, 2007, within which to file a traverse in this matter. (Doc. No. 13). To date, however, Petitioner has not filed his traverse, and thus the Court considers the matter fully briefed and ready for disposition.

Petitioner currently is incarcerated at the South Central Correctional Center in Licking, Missouri. In his petition for writ of habeas corpus, Petitioner raises claims for relief on the following ten grounds:

Ground 1:  The trial court erred in overruling Petitioner's motion for judgment of acquittal and in accepting the jury's verdict of guilty of assault in the first degree with serious physical injury, because the State failed to prove beyond a reasonable doubt all the elements of first degree assault with serious physical injury.

Ground 2:  The trial court erred in allowing Detective Bauer to testify as to what he was told by a witness, because his testimony duplicated and bolstered the trial witness' in-court testimony.

Ground 3:  The trial court erred in overruling Petitioner's motion for judgment of acquittal and in accepting the jury's verdict of guilty of two counts of kidnapping, because the State failed to prove beyond a reasonable doubt all the elements of kidnapping.[2]

Ground 4:  The trial court erred in giving Instruction No. 16, the verdict director for Count V, as it varied from the offense charged in the Information.[3]

Ground 5:  Petitioner received ineffective assistance of counsel, in that his trial attorney failed to present evidence that Petitioner had nine $1 bills and 145 pennies in his possession at the time of his arrest.

Ground 6:  Petitioner received ineffective assistance of counsel, in that his trial attorney failed to argue that a cordless phone in police custody and

---

[2] In Grounds 1, 2 and 3 of his petition, Petitioner has used "Ineffective Assistance of Counsel" headings. (§2254 Petition, PP. 7-10). The allegations themselves, however, suggest claims of trial court error. (Id.). Therefore, it is unclear whether Petitioner intended to bring claims of ineffective assistance of counsel, underlying trial court error, or both. To the extent Petitioner intended to present claims of ineffective assistance of counsel, the claims are procedurally barred and must be denied, as Petitioner failed to raise Grounds 1, 2 and 3 of the instant petition as ineffective assistance of counsel claims in either his post-conviction relief motion, or on appeal of the denial of that motion. The Court will, however, address the merits of each of the underlying claims of trial court error.

[3] In Ground 4 of his petition, Petitioner has used an "Ineffective Assistance of Counsel" heading. (§2254 Petition, P. 12). Petitioner raised this ground as a separate claim of ineffective assistance of counsel in Ground 9 of his petition. (§2254 Petition, P. 17). The Court thus will address only the underlying claim of trial court error in connection with Ground 4.

presented as evidence at trial was not the same cordless phone pictured in crime scene photographs.

Ground 7:     Petitioner received ineffective assistance of counsel, in that his trial attorney failed to object to the prosecutor's reference, in his opening statement, to the victim's alleged miscarriage.

Ground 8:     Petitioner received ineffective assistance of counsel, in that his trial attorney failed to point out an inconsistency between a witness' pre-trial statement and trial testimony.

Ground 9:     Petitioner received ineffective assistance of counsel, in that his trial attorney failed to object to a variance between the Information charges and the verdict director on Count V.

Ground 10:    Petitioner received ineffective assistance of counsel, in that his trial attorney failed to object to a variance between the Information charges and the verdict director on Count VI.

(§2254 Petition, PP.7-18).

In response, Respondent contends that the instant petition should be dismissed, arguing various claims are subject to a procedural bar as Petitioner failed properly to pursue such claims in state court, and that the remainder of Petitioner's claims are without merit. (Resp. Brief, PP. 2-10).

## DISCUSSION

## I.   Procedural Bar

In Ground 7 of his petition, Petitioner alleges he received ineffective assistance of counsel, in that his trial attorney failed to object to the prosecutor's reference, in his opening statement, to the victim's alleged miscarriage. (§2254 Petition, P. 15). In Ground 8 of his petition, Petitioner alleges he received ineffective assistance of counsel, in that his trial attorney failed to point out an inconsistency between a witness' pre-trial statement and trial testimony. (Id., P. 16). In Ground 9 of his petition, Petitioner alleges he received ineffective assistance of counsel, in that his trial attorney failed to object to a variance between the Information charges and the verdict director on Count V. (Id., P. 17). In Ground 10 of his petition, Petitioner alleges he received ineffective assistance of

counsel, in that his trial attorney failed to object to a variance between the Information charges and the verdict director on Count VI. (Id., P. 18).

A review of the record reveals that while Petitioner raised Grounds 7, 8, 9, and 10 in his amended post-conviction motion (Resp. Exh. 10, PP. 39-40), he failed to pursue the claims on appeal of the denial of that motion. (Resp. Exh. 11, PP. 19-20). A claim must be presented at each step of the judicial process in state court to avoid procedural default. *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir.), citing *Benson v. State*, 611 S.W.2d 538, 541 (Mo. App. 1980), *cert. denied*, 513 U.S. 983 (1994). Because Petitioner has failed properly to raise the claims in state court proceedings, the claims are defaulted and he is procedurally barred from pursuing them here. *Coleman v. Thompson*, 501 U.S. 722, 731-32, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); *Forest v. Delo*, 52 F.3d 716, 719 (8th Cir. 1995); *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir.), *cert. denied*, 515 U.S. 1163 (1995). This Court therefore cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration, "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Petitioner has neither asserted nor shown cause for his failure to raise the claims in state court. In addition, because Petitioner makes no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Washington v. Delo*, 51 F.3d 756, 761 (8th Cir.), *cert. denied*, 516 U.S. 876 (1995). Petitioner's claims of ineffective assistance of trial counsel raised in Grounds 7, 8, 9, and 10 of the instant petition are therefore procedurally defaulted and will be denied.[4]

---

[4] In his petition, Petitioner asserts Grounds 7, 8, 9, and 10 were not raised on appeal of the denial of his Rule 29.15 motion because his attorney failed to raise the issues. (§2254 Petition, PP. 15-18). Petitioner thus apparently asserts he received ineffective assistance of counsel on appeal from the denial of his Rule 29.15 motion. The undersigned notes that there is no constitutional right to effective assistance of post-conviction counsel. *Jolly*, 28 F.3d at 54 (citing *Nolan v. Armontrout*, 973

## II.    **Claims Addressed on the Merits**

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).  In order to prevail, each of Petitioner's claims must meet one of these conditions.

### A.    **Ground 1**

In Ground 1 of his petition, Petitioner alleges the trial court erred in overruling Petitioner's motion for judgment of acquittal and in accepting the jury's verdict of guilty of assault in the first degree with serious physical injury, because the State failed to prove beyond a reasonable doubt all the elements of first degree assault with serious physical injury.  (§2254 Petition, P. 7).  Petitioner raised this claim in his direct appeal, and the Missouri Court of Appeals denied the claim as follows:

> In his first point, Defendant[5] claims that the trial court erred in overruling his motion for judgment of acquittal and accepting the jury verdict on the count of assault in the first degree under Section 565.050.  Defendant alleges the State failed to prove beyond a reasonable doubt that Defendant

---

F.2d 615, 617 (8th Cir. 1992)).  Thus, because ineffective assistance of post-conviction counsel does not raise an issue of constitutional magnitude, the ineffective assistance of counsel claims raised in Grounds 7, 8, 9, and 10 of the instant petition are not cognizable in this proceeding and must be denied.

[5] Petitioner is referred to as "Defendant" in the Missouri Court of Appeals opinion.

was guilty of the charge because the evidence did not show that Defendant had the purpose to cause serious physical injury to Jennifer Burroughs ("Victim") and it did not establish that serious physical injury actually resulted from the attack.

In determining whether there was sufficient evidence to support a conviction, we accept as true all of the evidence and inferences favorable to the State and disregard all evidence and inferences to the contrary. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993). When the sufficiency of the evidence is contested, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *Id.*; *State v. Chaney*, 967 S.W.2d 47, 52 (Mo. banc 1998). This court will disregard any contrary inferences but may not supply missing evidence or give the State the benefit of unreasonable, speculative, or forced inferences. *State v. Whalen*, 49 S.W.3d 181, 184 (Mo. banc 2001). The court will look to the elements of the crime and consider each in turn. *Id.*

An individual commits the crime of assault in the first degree if "he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person." Section 565.050.1. This offense is a class B felony unless the actor actually inflicts serious physical injury on the Victim in the course of the assault. Section 565.050.2. Thus, to be found guilty of assault in the first degree resulting in a class A felony, which carries a possible term of imprisonment from between ten and thirty years, a person must intend to cause serious physical injury to another and actually cause such serious physical injury.

First degree assault requires proof of a very specific intent to cause serious physical injury. *State v. Chambers*, 998 S.W.2d 85, 90 (Mo. App. 1999). As an element of assault, intent is generally not susceptible to direct evidentiary proof and may be established by circumstantial evidence or inferred from surrounding facts. *State v. Immekus*, 28 S.W.3d 421, 426 (Mo. App. 2000). In determining a defendant's mental state, the jury is entitled to consider his conduct before the act, the act itself and his subsequent conduct. *Id.*

As in *Immekus*, Defendant's claim that he did not intend to cause serious physical injury to Victim lies in sharp contrast to the evidence the jury was entitled to believe. It is presumed that a person intends the natural and probable consequences of his actions. *State v. Broseman*, 947 S.W.2d 520, 524 (Mo. App. 1997). A reasonable jury could conclude that Defendant intended to inflict serious physical injury upon Victim when he beat her in the face repeatedly, tried to knock her unconscious, tied a telephone cord around her neck, and kneeled on her back to keep her down.

Defendant argues on appeal that his intent was only to get drugs or money from the trailer and that he had no intention of seriously hurting or killing anyone in the trailer. He also claims that his statement that "[t]his bitch won't get knocked out" is evidence that he did not intend to cause serious physical injury to Victim but merely wanted to render her unconscious. Attempting to knock someone unconscious is an attempt to cause them serious physical injury. Also, Defendant argues that the fact that he cut a hole in the pillowcase around Victim's neck so she could breathe is evidence that he did not intend to cause serious physical injury. To the contrary, this simply suggests that Defendant did not intend to kill Victim. Defendant still could have intended to cause serious physical injury even though he did not want to kill Victim. This was within the province of the jury to decide whether or not he intended to cause serious physical injury as the natural consequence of his actions of beating her in the head. The jury could have reasonably inferred from Defendant's beating of Victim that he was attempting to cause serious physical harm.

Defendant further urges that Victim did not actually suffer serious physical injury as a result of his actions. Serious physical injury is defined as "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." *See* Sections 565.002(6), 556.061(28). Protracted means something short of permanent but more than of short duration, and what is considered protracted depends on the circumstances of the case. *State v. Baker*, 859 S.W.2d 805, 812 (Mo. App. 1993). Disfigurement means to deface or mar the appearance or beauty of someone. *Immekus*, 28 S.W.3d at 427. Permanent disfigurement is not required for such disfigurement to qualify as a serious physical injury. *Id*.

Here, the evidence shows that Defendant attacked the face and head of Victim and caused numerous bruises and cuts. He attempted to knock her out and caused petechial hemorrhaging, the rupturing of blood vessels, in her face and eyes by strangling her and tying a pillowcase around her neck. Though she was not as disfigured as victims in other cases, she was severely beaten. Also, the doctor who treated Victim in the emergency room stated at trial that he believed the injuries suffered were very serious, even if they could have been worse. This evidence alone supports the jury's determination that serious physical injury did occur as a result of the attack.

The jury was also entitled to believe Victim's testimony that she was continuing to suffer "very bad pain" in her back at the time of trial. Such testimony would support a finding that Victim had suffered protracted impairment of the function of her back. "Impair" means to "damage or make worse by or as if by diminishing in some material respect." *State v. Norwood*, 8 S.W.3d 242, 246 (Mo. App. 1999). A normally functioning back does not cause "very bad pain" for an extended period. We hold that the evidence

adduced was sufficient to support Defendant's conviction of assault in the first degree. Point denied.

*State v. Nixon*, 151 S.W.3d 66 (Mo. App. 2004), Memo. Supp. Order, PP. 2-5.

The Supreme Court has held that in reviewing whether the evidence presented in state court was sufficient to support a criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979) (emphasis in original) (citation omitted). Upon consideration, this Court finds the cited findings of the Missouri State Court in the instant case were sufficient to justify a verdict of guilt beyond a reasonable doubt. The decision of the Missouri court thus is entitled to deference, and Ground 1 is denied.

### B.    Ground 2

In Ground 2 of his petition, Petitioner alleges the trial court erred in allowing a detective witness to testify as to what he was told by an alleged co-conspirator, Hillary Lore, thereby duplicating and impermissibly bolstering her testimony. (§ 2254 Petition, P. 9). Petitioner raised this claim in his direct appeal, and the Missouri Court of Appeals denied the claim as follows:

> In his second point, Defendant argues that the trial court abused its discretion in overruling his objection and admitting evidence at trial that was duplicative and cumulative and that was impermissible bolstering of another witness's testimony. Defendant claims the State gained an unfair advantage in bolstering Hillary Lore's ("Accomplice") credibility by having the investigating officer repeat basically the same story Accomplice already had told to the jury. Defendant also claims that the trial court allowed the State to go well beyond the scope necessary to explain the officer's subsequent conduct by admitting testimony of the entire story Accomplice told the officer.
>
> First, the State argues that Defendant's hearsay claim is not preserved for review because it is not stated in his Point Relied On that the evidence was hearsay. We find that the issue was properly preserved both at trial and on appeal. This court reviews the trial court's action in permitting the admission

of hearsay or other out-of-court statement for an abuse of discretion. *State v. Silvey*, 894 S.W.2d 662, 672 (Mo. banc 1995). The trial court abuses its discretion only if its ruling offends the logic of the circumstances or it is arbitrary and unreasonable. *State v. Costa*, 11 S.W.3d 670, 675 (Mo. App. 1999).

Improper bolstering occurs only when there is an attempt to replicate a witness's testimony, without any other justification, for the sole apparent purpose of letting the jury hear the same evidence twice. *State v. Spencer*, 62 S.W.3d 623, 627 (Mo. App. 2001). Defendant's reliance on *State v. Seever*, 733 S.W.2d 438 (Mo. banc 1987), is misplaced. That case involved the use of a videotaped interview of a child who also testified in the case. The court found this to be improper enhancement and rehabilitation as it was used for no other purpose than to duplicate the live testimony.

In the instant case, it was within the court's discretion to admit the officer's testimony because it was used to show the effect it had on his investigation of the November 2001 incident. Any other effect was merely an incidental consequence of this main function. The evidence was allowed for the non-hearsay purpose of explaining the subsequent conduct of the officers. *See State v. Deck*, 136 S.W.3d 481, 485 (Mo. banc 2004) (noting that "[s]tatements made by out-of-court declarants that explain subsequent police conduct are admissible to supply relevant background information and continuity"). In addition, Accomplice was herself a witness and was therefore subject to cross-examination. Defendant bears the burden of proving that a reasonable probability exists that the jury's verdict would have been different but for such improperly admitted evidence. *State v. Rose*, 86 S.W.3d 90, 102 (Mo. App. 2002). We find no abuse of discretion in admitting the evidence here. Point denied.

*State v. Nixon*, 151 S.W.3d 66 (Mo. App. 2004), Memo. Supp. Order, PP. 5-7.

Under Eighth Circuit law, "[a]n abuse of discretion occurs when the error prejudicially influences the outcome of the case, and the burden of showing prejudice rests on the party asserting it." *Qualley v. Clo-Tex Intern., Inc.*, 212 F.3d 1123, 1128 (8th Cir. 2000) (citation omitted). In the instant case, there is no evidence to suggest that the verdict would have been different if the detective had been barred from repeating Ms. Lore's statements. Thus, in light of Petitioner's failure to meet his burden of proving prejudice, there can be no finding of an abuse of discretion on the part of the trial court. Ground 2 is denied.

## C.    **Ground 3**

In Ground 3 of his petition, Petitioner alleges the trial court erred in overruling Petitioner's motion for judgment of acquittal and in accepting the jury's verdict of guilty of two counts of kidnapping, because the State failed to prove all the elements of kidnapping. (§2254 Petition, P. 10). Specifically, Petitioner alleges the State failed to prove, beyond a reasonable doubt, that Petitioner confined his victims for a substantial period of time, or that the confinement was in furtherance of the burglary. (Id.). Petitioner raised this claim in his direct appeal, and the Missouri Court of Appeals denied the claim as follows:

> In his third point, Defendant maintains that the trial court erred in overruling his motion for judgment of acquittal on the two counts of kidnapping because the State failed to show that Defendant was guilty of kidnapping since the evidence failed to prove beyond a reasonable doubt that Defendant confined Victim and/or Steven Gonzales ("Child") for a substantial period of time or that he did so to facilitate a burglary. We disagree.

> As with Defendant's first point, in determining whether there was sufficient evidence to support a conviction, we accept as true all of the evidence and inferences favorable to the State and disregard all evidence and inferences to the contrary. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993). When the sufficiency of the evidence is contested, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *Id.*; *State v. Chaney*, 967 S.W.2d 47, 52 (Mo. banc 1998). This court will disregard any contrary inferences but may not supply missing evidence or give the State the benefit of unreasonable, speculative, or forced inferences. *State v. Whalen*, 49 S.W.3d 181, 184 (Mo. banc 2001).

> The charge of kidnapping in this case was defined as "[u]nlawfully confining another without his consent for a substantial period, for the purpose of....[f]acilitating the commission of a felony, to-wit: burglary in the first degree." *See* Section 565.110(4). Kidnapping requires either confinement or movement and the amount necessary will vary according to the circumstances of each case. *State v. Morrow*, 941 S.W.2d 19, 21 (Mo. App. 1997). In Missouri, burglary in the first degree occurs when "[a] person....knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein, and while in the building....[t]here is present in the structure another person who was not a participant in the crime." Section 569.160(4). Kidnapping is not a proper

charge where the movement or confinement of the person is merely incidental to another offense. *State v. Lyles*, 996 S.W.2d 713, 716 (Mo. App. 1999). In making this determination, the trial court must consider if there was any increased risk of harm or danger to the Victim from the movement or confinement that was not present in the initial offense. *Id.*; *Morrow*, 941 S.W.2d at 21. This determination depends upon the facts of each specific case. *Lyles*, 996 S.W.2d at 716. Defendant now claims that he remained in the structure after tying up Victim and Child only in order to facilitate his escape, as the burglary itself was already completed.

In *Morrow*, "[t]ying up the victims amounted to confinement designed to facilitate commission" of the underlying felony. 941 S.W.2d at 21. We find that there was sufficient evidence from which reasonable jurors could find the defendant guilty beyond a reasonable doubt of kidnapping. Though Defendant did not confine Victim and Child in order to facilitate unlawful entrance into the trailer, he did confine them in order to facilitate the burglary as a whole. Specifically, based on the evidence adduced at trial, the jury could find that Defendant confined Victim and Child so that he could remain in the house to steal the safe without interference instead of having to ensure Victim was held down.

Defendant also contends there was no increased risk of harm to Victim or Child. Just because no further harm befell them, however, does not mean the risk of harm was not increased. Contrary to Defendant's contention, such a reading of the kidnapping statute would not result in the State being permitted to add a kidnapping charge to every burglary in the first degree where the victims are tied up before the defendant leaves. Defendant tied up Victim and Child after moving them to another room in a more secluded area away from the windows in the main room of the trailer, thereby diminishing the chance they would be discovered and rescued. He also delayed Victim in obtaining treatment for her injuries. These circumstances certainly increased the risk of harm to Victim and Child. Point denied.

*State v. Nixon*, 151 S.W.3d 66 (Mo. App. 2004), Memo. Supp. Order, PP. 7-9.

As stated above, in reviewing whether the evidence presented in state court was sufficient to support a criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. at 318-19 (emphasis in original) (citation omitted). Upon consideration, this Court finds the cited findings of the Missouri

State Court in the instant case were sufficient to justify a verdict of guilt beyond a reasonable doubt.

The decision of the Missouri court thus is entitled to deference, and Ground 3 is denied.

**D.**     **Ground 4**

In Ground 4 of his petition, Petitioner alleges the trial court erred in giving Instruction No.

16, the verdict director for Count V, as it varied from the offense charged in the Information.  (§2254

Petition, P. 12).  Petitioner raised this claim in his direct appeal, and the Missouri Court of Appeals

denied the claim as follows:

> Defendant argues in his final point that the trial court plainly erred in giving Instruction No. 16 to the jury, the verdict director for Count V, armed criminal action, because the instruction fatally varied from the offense charged in the information.  Defendant contends that the guilty verdict violates his due process rights because the information charged Defendant with armed criminal action predicated on the underlying offense of robbery, whereas Instruction No. 16 clearly instructed the jury on the offense of armed criminal action based on the underlying offense of the kidnapping of Victim.  Defendant believes that the conviction on this count should be reversed since the instruction varies from the offense charged.

> As Defendant acknowledges in his brief, Defendant did not preserve this argument for our review.  Therefore, we review only for plain error. *State v. Lee*, 841 S.W.2d 648, 649 (Mo. banc 1992).  We will reverse only if the error results in manifest injustice or miscarriage of justice.  *Id.*  "In the context of instructional error, plain error results when the trial court has so misdirected or failed to instruct the jury that it is apparent to the appellate court that the instructional error affected the jury's verdict."  *State v. Busch*, 920 S.W.2d 565, 569 (Mo. App. 1996) (citations omitted).

> The information charged the following in Count V:

> In violation of section 571.015 RSMo, committed the felony of armed criminal action....in that on or about November 28, 2001,...the [D]efendant, acting alone or in concert with another, committed the felony of robbery in the first degree charged in Count IV...and the [D]efendant committed the foregoing felony of robbery in the first degree by, with and through the use, assistance and aid of a dangerous instrument.

> Instruction No. 16 states, in relevant part:

As to Count V, if you do find and believe from the evidence beyond a reasonable doubt:

> First, that [D]efendant committed the offense of kidnapping of [Victim], as submitted in Instruction No. 9, and

> Second, that [D]efendant committed that offense by or with or through the use or assistance or aid of a dangerous instrument, then you will find the [D]efendant guilty under Count V of armed criminal action.

Reviewing the above, a variance is clearly present. Generally, a variance between the information and the instruction is "fatal" because it prevents the defendant from receiving adequate notice of the crime for which he is charged. *Lee*, 841 S.W.2d at 650. Further, when a crime may be committed by any of several methods, the method or methods submitted in the verdict directing instruction must be among those alleged in the information. *Id.* The purpose of the rule is to provide notice to the accused so that the accused may prepare an adequate defense against the charges brought. *Id.* However, a variance alone is not conclusive as to whether there is reversible error. *Id.* Rather, the variance must be material and prejudicial to the rights of the accused. *Id.* In other words, unless the variance affects the ability of the defendant to adequately defend against the charges presented in the information and given to the jury in the instructions, it is not prejudicial and does not require reversal. *Id.*

*Lee* illustrates the application of these rules to facts similar to the present case. In *Lee*, the defendant was charged in the information with robbing the victim based on the taking of property while armed with a deadly weapon. 841 S.W.2d at 649-50. The instruction directed the jury to find him guilty of robbery based on the taking of property while causing serious physical injury to the victim. *Id.* at 650. Despite the variance between the information and the instruction, the court found no prejudice. *Id.* at 651. The court reasoned that the evidence adduced demonstrated that the defense the defendant presented, if believed by the jury, would have been adequate to disprove the method submitted in the information and the method submitted in the instruction. *Id.* Therefore, the variance did not prejudice the substantial rights of the defendant to prepare an adequate defense of the charges against him. *Id.*

In this case, Defendant's theory of defense was that he was not involved in the events that led to his arrest. Such theory would be adequate, if believed, for the jury to find him not guilty of armed criminal action based on robbery or kidnapping. Moreover, Defendant was also charged with the following in Count VI of the information (emphasis added):

> In violation of section 571.015, RSMo, committed the felony of <u>armed criminal action</u>....in that on or about November 28, 2001,....the

> [D]efendant, acting alone or in concert with another, committed the felony of kidnapping charged in Count II....and the [D]efendant committed the foregoing felony of <u>kidnapping</u> by, with and through the use, assistance and aid of a dangerous instrument. (emphasis added.)

> In light of the charge in Count VI, Defendant was directly on notice of the offense described in Instruction No. 16. Significantly, the only difference between Instruction No. 16 and the instruction corresponding with Count VI is that one identifies Victim as the person kidnapped, and the other identifies Child. Defendant does not complain that he was not on notice with respect to defending the offense charged in Count VI, which does not distinguish between the two victims. Therefore, we find no prejudice. Point denied.

*State v. Nixon*, 151 S.W.3d 66 (Mo. App. 2004), Memo. Supp. Order, PP. 9-12.

Upon consideration, this Court holds the Missouri State Court's findings are neither contrary to federal law, nor based on an unreasonable determination of the facts in light of the evidence presented. Rather, this Court agrees that Petitioner was not prejudiced by the variance between the Information and the Instruction. Therefore, Ground 4 is denied.

### E.    <u>Ground 5</u>

In Ground 5 of his petition, Petitioner alleges he received ineffective assistance of counsel, in that his trial attorney failed to present evidence that Petitioner had nine $1 bills and 145 pennies in his possession at the time of his arrest. (§2254 Petition, P. 13). Petitioner contends the presence of these items was inconsistent with the State's witnesses' testimony and with his guilt. (<u>Id.</u>). Petitioner raised this claim in his Rule 29.15 motion for post-conviction relief, and the motion court denied the claim as follows:

> Movant's[6] first claim[] is that trial counsel failed to present evidence that the Movant had nine one-dollar bills and 145 pennies in his possession when arrested, which would have been inconsistent with the State's witnesses'

---

[6] Petitioner is referred to as "Movant" in the motion court's findings of fact and conclusions of law.

testimony and with Movant's guilt. Movant pointed out that Robert Reed and Teresa Gonzalez testified concerning nickels, dimes, and quarters that were taken from the Gonzalez house and were subsequently found on the Movant at the time of his arrest. In *State v. Phillips*, **940 S.W.2d 512 (Mo. banc 1997)**, the Supreme Court addressed a similar issue regarding impeachment of witnesses. The Supreme Court held that trial counsel was not ineffective for failing to impeach a witness who testified that he saw the defendant and victim on the night of the murder with a prior statement that he saw the defendant and victim on night before the murder. The Court stated, "Testimony would not preclude the possibility that defendant and victim were together on night of murder, and, thus, did not provide movant with a viable defense." In the present case, any testimony that the Movant had nine one-dollar bills and 145 pennies in his possession when arrested would not preclude the possibility that the dimes and nickels came from the Gonzalez residence on the night of the burglary. Even if counsel would have presented this evidence to the jury, it would not have provided a viable defense to the charges. As such, Movant cannot show that he was prejudiced by the failure to impeach the State's witnesses or present evidence of the nine one-dollar bills and 145 pennies that were in his possession when he was arrested. Point denied.

(Resp. Exh. 10, P. 56). Petitioner advanced the claim on appeal of the denial of his 29.15 motion,

and the Missouri Court of Appeals denied the claim as follows:

> The standard for a claim of ineffective assistance of counsel is whether "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063 (1984). To establish such a claim, the movant must show that his counsel "failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances," and that he was prejudiced by his counsel's failure to perform competently. *Id.* at 689. Prejudice exists when there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *Id.* at 694.

> In his first point, Movant argues the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing because he alleged facts showing trial counsel provided ineffective assistance for not presenting evidence that Movant had pennies and dollar bills in his pocket when he was arrested. Specifically, Movant argues that it was unreasonable for trial counsel not to present evidence from an alleged police report showing that he was arrested with $1.45 in pennies and nine one-dollar bills in addition to several nickels, dimes, and quarters. This evidence, he claims, would have been inconsistent with testimony provided by State's witnesses that no pennies

or dollars were stolen in the burglary and would have supported Movant's theory that he got the money elsewhere. We disagree.

Failure to impeach a witness will not constitute ineffective assistance of counsel unless such action would have provided a viable defense or changed the outcome of the trial. *State v. Ferguson*, 20 S.W.3d 485, 506 (Mo. banc 2000). A movant has the burden of showing that impeachment would have provided a defense or affected the outcome of the trial. *State v. Phillips*, 940 S.W.2d 512, 524 (Mo. banc 1997). Furthermore, a movant must overcome the presumption that trial counsel's decision not to impeach was a matter of trial strategy. *Id.*

Here, the motion court found that even if trial counsel would have provided this evidence to the jury, it would not have provided a viable defense. Any testimony that Movant had pennies and dollar bills when he was arrested would not preclude the possibility that the dimes and nickels came from the Gonzales residence on the night of the burglary.

In addition, the motion court found Movant did not show he was prejudiced by trial counsel's alleged omissions. Movant failed to establish that he was entitled to relief because it is unlikely that the evidence showing Movant was found with pennies and paper money would have affected the outcome of trial. Teresa Gonzales positively identified scissors, scales, and a cordless phone battery that were found in Movant's pockets as items stolen from her house. Also, Jennifer Burroughs (Burroughs) and Steven Gonzales, who were the kidnap victims, identified Movant as the kidnapper and burglar. Finally, Hillary Lore, Katherine Jackson, and Joshua Vance all admitted their involvement in the burglary and each identified Movant as the man who wore a stocking mask and gloves before entering the Gonzales residence. Given that Movant was identified by numerous eye witnesses and was found with other items stolen from the Gonzales residence, the evidence at issue would not have altered the outcome of trial and, thus, Movant has failed to show prejudice. The motion court's findings of fact and conclusions of law are not clearly erroneous. Point one is denied.

*Nixon v. State,* 193 S.W.3d 414 (Mo. App. 2006), Memo. Supp. Order, PP. 3-5.

In order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was deficient, and that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To overcome this presumption, Petitioner must prove that, "in

light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. *Id.* at 694.

Upon consideration, the Court finds it need not consider whether Petitioner's counsel's performance was deficient, because with this allegation, Petitioner fails to demonstrate the requisite prejudice. Specifically, the Court notes that at the time of his arrest, Petitioner was in possession of property stolen during the burglary for which he was convicted. Further, Petitioner was identified by both victims of the crime, and all three of his accomplices testified to his guilt at trial. This Court thus finds that evidence of the dollar bills and pennies would not have provided a reasonable defense for Petitioner, nor would it have changed the outcome of the trial. Therefore, Petitioner cannot show that trial counsel's failure to present this evidence prejudiced the outcome. The Missouri State Courts' findings thus are neither contrary to federal law, nor based on an unreasonable determination of the facts in light of the evidence, and so Ground 5 must be denied.

### F.   Ground 6

In Ground 6 of his petition, Petitioner alleges he received ineffective assistance of counsel, in that his trial attorney failed to argue that a cordless phone in police custody and presented as evidence at trial was not the same cordless phone pictured in crime scene photographs. (§ 2254 Petition, p. 14). Petitioner raised this claim in his Rule 29.15 motion for post-conviction relief, and the motion court denied the claim as follows:

> Movant's second point is that his trial counsel failed to establish and argue that the cordless phone in police custody and presented at trial as State's Exhibit 38 was *not* the same cordless phone shown in photographs of the crime scene (State's Exhibits 9 and 10), which would have been inconsistent with State's witnesses' testimony and with Movant's guilt. On a claim of ineffective assistance of counsel, there is a presumption that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional

judgment. *See Kluck v. State, 30 S.W.3d 872 (Mo. App. S.D. 2000)*. As presented, Movant's trial strategy was that he was not present, nor did he have in his possession a cordless phone battery. The issue of whether the cordless phone that was presented at trial was the same cordless phone identified in State's Exhibit 38, the Movant still claimed that he was not present at the scene and did not have a cordless phone battery in his possession. Such a fact would have been inconsistent with the Movant's theory that he did not possess a phone battery. "Ineffective assistance of counsel cannot be established where counsel pursued one reasonable trial strategy to the exclusion of another." *State v. Ferguson, 20 S.W.3d 575 (Mo. App. S.D. 2000)*. Since Movant has failed to show that he was prejudiced by the challenged action and that said evidence, even if true, would have provided him with a viable defense, Movant's point is denied.

(Resp. Exh. 10, P. 57). Petitioner advanced the claim on appeal of the denial of his 29.15 motion,

and the Missouri Court of Appeals denied the claim as follows:

In his second point, Movant argues the motion court clearly erred in denying his Rule 29.15 motion without an evidentiary hearing because he alleged facts showing trial counsel was ineffective for not presenting evidence that a cordless phone matching a phone battery found in his pocket was not the same phone as that pictured in crime scene photos. We disagree.

The motion court found as follows with respect to this claim:

As presented, Movant's trial strategy was that he was not present, nor did he have in his possession a cordless phone battery. The issue of whether the cordless phone that was presented at trial was the same cordless phone identified [at trial], the Movant still claimed that he was not present at the scene and did not have a cordless phone battery in his possession. Such a fact would have been inconsistent with the Movant's theory that he did not possess a phone battery.

During trial, Burroughs testified that she hit Movant in the head with a cordless phone after Movant attacked her in the house where she was babysitting. The cover came off of the back of the phone, and after the burglary, the battery was missing. When Movant was arrested, he had a phone battery in one of his pockets. Burroughs identified photographs of the Gonzales residence after the burglary. The photographs showed the cordless phone on the floor of the house. The actual cordless phone was admitted into evidence. Burroughs identified the phone as the one with which she hit Movant. Teresa Gonzales also identified the phone as hers and the battery as the one that had been in her phone. In addition, there was expert testimony that the battery found in Movant's pocket activated the phone.

Here, evidence that the phone at trial was different from the one pictured would merely provide impeachment evidence and would not have provided a viable defense. Finally, even if Movant's allegations are true, his trial counsel would not have been ineffective for pursuing a different, reasonable theory of defense. *Clayton v. State*, 63 S.W.3d 201, 207-08 (Mo. banc 2001). Trial counsel pursued the theory that Movant did not have the battery at all rather than arguing Teresa Gonzales and the police investigators fabricated the phone at trial.

Finally, Movant is not entitled to relief because he failed to show prejudice. Evidence showing the phone from the crime scene was different from the phone at trial would not have resulted in a different outcome. Given the overwhelming evidence of guilt presented at trial, arguing that the cordless phone in police custody and presented at trial was not the same one pictured at the crime scene would not have altered the outcome of trial. The motion court's findings of fact and conclusions of law are not clearly erroneous. Point two is denied.

*Nixon v. State*, 193 S.W.3d 414 (Mo. App. 2006), Memo. Supp. Order, PP. 5-7.

As explained above, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was deficient, and that the deficient performance was prejudicial. *Strickland,* 466 U.S. at 687. Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. *Id.* at 694.

Upon consideration, the Court finds that with this claim, Petitioner fails to satisfy either prong of the *Strickland* test. First, with respect to deficient performance, as stated above, counsel is "strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. In the instant case, Petitioner's strategy at trial was to insist that he was not present at the scene of the crime, and that he did not have a cordless- phone battery in his possession upon arrest. To argue as to the match of the evidentiary cordless phone and the cordless phone in crime-scene photos would have been

inconsistent with Petitioner's said trial strategy. Petitioner's trial attorney's decision not to do so thus was not constitutionally deficient, and so a claim of ineffective assistance of counsel is not valid.

Further, Petitioner has provided no evidence that challenging the identity of the phone in question would have changed the trial outcome, or that he was otherwise prejudiced by this inaction. Rather, as noted above the evidence of Petitioner's guilt was overwhelming, as at the time of his arrest Petitioner was in possession of property stolen during the burglary for which he was convicted, he was identified by both victims of the crime, and all three of his accomplices testified to his guilt at trial. Thus, absent a showing that trial counsel's allegedly deficient performance resulted in undue prejudice, the claim of ineffective assistance of counsel cannot stand. The Missouri State Courts' findings are neither contrary to federal law nor based on an unreasonable determination of the facts in light of the evidence presented. Ground 6 is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this 6th day of February, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE